IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

J.C. OTIS COLLINS                                                                                    PLAINTIFF

      v.                              Civil No. 4:10-cv-04004

MAJOR GARY TURNER, Miller County
Jail; NURSE GINA STEWART, Miller
County Jail; and DR. CLAY NASH                                                      DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, J.C. Otis Collins (hereinafter Collins), filed this action pursuant to the provisions of 42 U.S.C. § 1983. He proceeds *pro se* and *in forma pauperis*. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2009), the Honorable Harry F. Barnes, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

Currently pending before me is a partial motion to dismiss (ECF No.14) filed pursuant to Federal Rule of Civil Procedure 12(b)(6) by Separate Defendant Gary Turner (hereinafter Turner). In the motion, Turner argues that Collins has failed to allege that any delay in medical treatment caused him harm. Given this, Turner maintains that as a matter of law Collins' denial of medical care claim fails.

    1. **Background**

According to the allegations of the complaint, Collins was booked into the Miller County Correctional Facility on December 11, 2009. (ECF No. 1). Collins was seen by Nurse Williams who wrote down his medications and stated she would have some documents for him to sign the following day so his medical records could be obtained. Collins alleges he asked about seeing his "mental doctor" and was informed he would need to speak to Turner about seeing the doctor and

about getting "needed medications."

According to Collins, he repeatedly asked to go see a "mental doctor" because he was hearing voices and could not sleep at night. Although his therapist, Mrs. Ann Pickett called and talked to Turner about Collins' condition and the necessity of his being on medication, Collins alleges Turner did nothing to help him get his medication, to see his therapist, or to take him to see his doctor at Community Healthcare. No matter how "hard" Collins explained his mental condition, he maintains Turner did nothing to help.

Collins alleges he was initially housed in A-pod where he was "forced" to sleep on the floor for three days because he could not get on the top bunk due to his medical problems. He alleges he was then moved to C-pod where he discovered there was no heat and only one blanket was provided. Collins indicates he was given a bottom bunk. However, he maintains the temperature in the pod was "well below 32.°"

2. **Applicable Standard**

Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.'" *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009)(*quoting Ashcroft v. Iqbal,* ___ U.S. ___, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)).

"The plausibility standard requires a plaintiff to show at the pleading stage that success on the merits is more than a 'sheer possibility.'" *Braden*, 588 F.3d at 594 (*quoting Iqbal*, 129 S. Ct. at 1949. The standard does "not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127

S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007), or reasonable inference, that the "defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. *See Twombly*, 127 S. Ct. at 1965 ("And, of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely.")(quotation marks and citation omitted). *See also Stone v. Harry,* 364 F.3d 912, 914 (8th Cir. 2004)(While pro se complaints are liberally construed, they must allege sufficient facts to support the claims.).

"Several principles guide us in determining whether a complaint meets [the plausibility] standard. First, the court must take the plaintiff's factual allegations as true. This tenet does not apply, however, to legal conclusions or formulaic recitation of the elements of a cause of action; such allegations may property be set aside." *Braden*, 588 F.3d at 594 (citation omitted). Additionally, "some factual allegations may be so indeterminate that they require further factual enhancement in order to state a claim." *Braden*, 588 F.3d at 594 (quotation marks and citation omitted).

"Second, only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 129 S. Ct. at 1950 (citation omitted). In determining whether the well-pleaded, non-conclusory, factual allegations would give rise to a plausible claim, the "complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible." *Braden*, 588 F.3d at 594. The "evaluation of a complaint upon a motion to dismiss is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Id.* (*quoting Iqbal*, 129 S. Ct. at 1950).

3. **Discussion**

Under the Eighth Amendment's proscription against cruel and unusual punishments,' prison officials are obligated to provide "inmates in their custody with medical care." *Plemmons v. Roberts*, 439 F.3d 818, 823 (8th Cir. 2006). "This duty to provide medical care encompasses

detainees' psychiatric needs." *Gibson v. County of Washoe, Nev.*, 290 F.3d 1175, 1187 (9th Cir. 2002)(citations omitted); *see also Vaughan v. Lacey*, 49 F.3d 1344, 1346 (8th Cir.1995)("Prison staff violate the Eighth Amendment if they are deliberately indifferent to an inmate's serious mental-health-care needs"). Obviously, a psychiatric or mental condition can constitute a serious medical need and pose a risk of serious harm. *Cuoco v. Moritsugu*, 222 F.3d 99, 106 (2d Cir. 2000).

To prevail on an Eighth Amendment claim, Plaintiff must prove that Defendant acted with deliberate indifference to his serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). The deliberate indifference standard includes "both an objective and a subjective component: 'The [Plaintiff] must demonstrate (1) that [he] suffered [from] objectively serious medical needs and (2) that the prison officials actually knew of but deliberately disregarded those needs.'" *Jolly v. Knudsen*, 205 F.3d 1094, 1096 (8th Cir. 2000)(quoting *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir.1997)).

In this case, Collins' allegations are clearly sufficient to withstand a motion to dismiss. Collins alleges Turner was aware of his psychiatric needs and failed, or refused, to do anything. Collins indicates because he did not have his psychiatric medication and was not being seen by a psychiatrist or therapist that he was hearing voices and couldn't sleep at night. The complaint "contain[s] sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.'" *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009)(quoting *Ashcroft v. Iqbal,* ___ U.S. ___, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)).

4. **Conclusion**

For the reasons stated, I recommend that the motion to dismiss (ECF No. 14) filed by Separate Defendant Turner be denied.

**The parties have fourteen (14) days from receipt of this report and recommendation**

**in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 25th day of January 2011.

                                                /s/ Barry A. Bryant  
                                                HON. BARRY A. BRYANT  
                                                UNITED STATES MAGISTRATE JUDGE