IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

J.C. OTIS COLLINS                                                            PLAINTIFF


        v.                              Civil No. 4:10-cv-04004


MAJOR GARY TURNER, Miller
County Jail; DR. CLAYTON NASH,
Miller County Jail                                                          DEFENDANTS


        **REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

        Plaintiff filed this civil rights action pursuant to the provisions of 42 U.S.C. § 1983.  He

proceeds *pro se* and *in forma pauperis*.  Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1),

(3), the Honorable Susan O. Hickey, United States District Judge, referred this case to the

undersigned for the purpose of making a report and recommendation.

        This action stems from Plaintiff's incarceration in the Miller County Detention Center

(MCDC).  Plaintiff was booked into the MCDC on December 11, 2009 and released on May 9,

2010.  Plaintiff alleges that, during this period of incarceration, Defendant Dr. Clayton Nash (Dr.

Nash) violated Plaintiff's Eighth Amendment rights by overlooking his medical conditions and

denying him adequate medical care.

        On April 21, 2011, Dr. Nash filed a motion for summary judgment on all of Plaintiff's

claims against him.  (Docs. 35, 36, & 37).  On May 4, 2011, Plaintiff filed his response to the

motion for summary judgment.  (Doc. 42).  On May 11, 2011, Dr. Nash filed a reply to

Plaintiff's response.  (Doc. 45).  The case is thus in a proper posture for a ruling on Dr. Nash's

motion for summary judgment.

## I.  Background

Plaintiff alleges he turned himself into his probation officer, Mrs. Houff, because he heard there was a "blue warrant"[1] filed on him.  (Doc. 1 at 1).  Mrs. Houff instructed Plaintiff to go to the MCDC.  Id. at 2.  Plaintiff complied with Mrs. Houff's instructions and was booked into the MCDC on December 11, 2009.  Id.

At all times relevant to this action, Plaintiff suffered from a form of psoriasis that causes severe itching.  Plaintiff alleges that during the time he was incarcerated he should have been, but was not, administered certain medications to treat his psoriasis.  Id. at 4-5.  Specifically, Plaintiff alleges he should have been administered Betamethasone Valerate Ointment, moisturizing lotion, and Doxepin.  Id. at 5.

Plaintiff further alleges that he suffered from chronic back and knee pain while he was incarcerated.  Plaintiff claims his back pain stems from a "messed up surgery in Sept. 1995."  Id. Plaintiff claims his knee pain is caused by arthritis.  Plaintiff was taking Hydrocodone for pain relief prior to his detention at the MCDC, but Dr. Nash decided that Plaintiff should not continue receiving Hydrocodone while incarcerated.  Plaintiff concedes that nurses at the MCDC gave him medication for his pain when it was bad, but alleges that Dr. Nash acted with deliberate indifference when he unjustifiably decided to discontinue Plaintiff's regular pain medication.  Id.

Dr. Nash attached Plaintiff's medication-administration records as exhibits to his brief in support of his motion for summary judgment.  (Doc. 36).  The medication-administration records indicate that Plaintiff received the following treatments for psoriasis while incarcerated:  On December 15, 2009, Plaintiff was started on 25mg doses of Benadryl to relieve the itching caused by his psoriasis.  *Separate Defendant's Brief in Support of Motion for Summary*

---

[1] In Texas, a "blue warrant" is an arrest warrant for pre-revocation arrest of offenders who have violated a condition of parole.  See Dean v. State, 900 S.W.2d 367, 367 (Tex. App. 1995).

*Judgment* (Doc. 36) at Exhibit 2-a (hereinafter *Deft's Ex.*).  He received 25mg doses of Benadryl until December 17, 2009.  Plaintiff was once again administered 25mg doses of Benadryl from December 20-21, 2009.  *Deft's Ex.* 2-a.  On December 30, 2009, Plaintiff began a four-times-daily regimen of Hydroxyzine HCL 25mg.   *Deft's Ex.* 2-b.   Plaintiff was continued on Hydroxyzine HCL 25mg until his release from MCDC on May 9, 2010.  Id.  Additionally, from January 8, 2010 through January 28, 2010, Plaintiff was administered a daily regimen of Prednisone for his psoriasis that incrementally decreased every three days as follows:  60mg beginning on January 8, 2010; 50mg beginning on January 11, 2010; 40mg beginning on January 14, 2010; 30mg beginning on January 17, 2010; 20mg beginning on January 20, 2010; 10mg beginning on January 23, 2010; and 5mg beginning on January 26, 2010.  *Deft's Ex.* 2-c.  Finally, in January 2010, Plaintiff was issued a tube of Lidex cream (0.5%) that he could apply topically as necessary to relieve the itching caused by his psoriasis.  *Deft's Ex.* 2-d.

Plaintiff received the following treatments for high blood pressure:  Beginning on December 13, 2009, Plaintiff received Clonidine 0.1 mg on a daily basis until his release on May 9, 2010.  *Deft's Ex.* 2-b.  Plaintiff was further administered Coreg 25mg and Hydrochlorothiazide (HCTZ) 25mg on a daily basis from December 14, 2009 until his release.  Id.

For his mental health, Plaintiff received Trazodone 100mg every day from January 6, 2010 until his release, except Plaintiff did not receive Trazodone on April 5, April 29, or May 3, 2010.  Id.

## II.  Summary Judgment Standard

Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  In ruling on a

summary judgment motion, the Court cannot weigh the evidence or resolve disputed issues of fact in favor of the moving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 245 (1986).

"[A] disputed fact alone will not defeat summary judgment, rather there must be a genuine issue of material fact.  To be material, a fact must affect the outcome of the suit under the governing law."  Torgerson v. City of Rochester, 643 F.3d 1031, 1051 (8th Cir. 2011) (internal quotation marks and citations omitted).

### III.  Discussion

Dr. Nash maintains he is entitled to judgment as a matter of law because, although Plaintiff disagrees with the course of treatment he received while incarcerated, mere disagreement with treatment decisions does not rise to the level of a constitutional violation. (Doc. 36).

### Denial of Medical Care

Under both the Eighth Amendment and the Due Process Clause of the Fourteenth Amendment, "deliberate indifference is the appropriate standard of culpability for all claims that prison officials failed to provide . . . detainees with adequate . . . medical care."  Hartsfield v. Colburn, 491 F.3d 394, 396 (8th Cir. 2007) (internal quotation omitted); see also Butler v. Fletcher, 465 F.3d 340, 344 (8th Cir. 2006).  To establish deliberate indifference, Plaintiff must show (1) that he suffered from one or more objectively serious medical needs; and (2) that Dr. Nash actually knew of, but deliberately disregarded, Plaintiff's medical needs.  Krout v. Goemmer, 583 F.3d 557, 567 (8th Cir. 2009).  In the Eighth Circuit, a "serious medical need" is "one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention."  Johnson v. Busby, 953 F.2d 349, 351 (8th Cir. 1992).

"For a claim of deliberate indifference, the prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not give rise to the level of a constitutional violation.   Deliberate indifference is akin to criminal recklessness, which demands more than negligent misconduct." Popoalii v. Correctional Med. Servs, 512 F.3d 488, 499 (8th Cir. 2008) (internal quotation marks and citations omitted).

In this case, Plaintiff's claims are premised on the alleged failure of Dr. Nash to provide adequate treatment for Plaintiff's psoriasis and chronic pain.[2]  Each of these claims is discussed in turn.

### 1. Plaintiff's Psoriasis

Dr. Nash does not dispute that Plaintiff's psoriasis constitutes an objectively serious medical need.   Consequently, the dispositive issue at this stage of the proceeding is whether Plaintiff has generated a genuine issue of material fact as to whether Dr. Nash "deliberately disregarded" Plaintiff's psoriatic condition.  Popoalii, 512 F.3d at 499.

Dr. Nash attached an affidavit and medication-administration records as exhibits to his brief in support of his motion for summary judgment.   (Doc. 36).   These medication-administration records indicate that Plaintiff received numerous medications for his psoriasis, starting on December 15, 2009—four days after Plaintiff turned himself in to the MCDC.

In his Complaint, Plaintiff alleged that Dr. Nash did not prescribe the particular medications that Plaintiff requested for his psoriasis.  (Doc. 1 at 5).  However, this allegation is insufficient to withstand a motion for summary judgment.  In order to prevail on his § 1983 claim, Plaintiff must demonstrate that Dr. Nash knew psoriasis created an excessive risk to Plaintiff's health but "failed to act on that knowledge." Long v. Nix, 86 F.3d 761, 765 (8th Cir.

---

[2] Plaintiff also alleges his constitutional rights were violated because he suffers from a mental condition that went untreated.  (Doc. 1 at 3).  However, Plaintiff alleges that Separate Defendant Gary Turner is responsible for the inadequate treatment of his mental condition, not Dr. Nash.  Id.

1996).  As long as this threshold was not crossed, Plaintiff had "no constitutional right to receive a particular or requested course of treatment," and Dr. Nash remained free to exercise his independent medical judgment.  Dulany v. Carnahan, 132 F.3d 1234, 1239 (8th Cir. 1997).  In sum, the fact that Plaintiff disagrees with Dr. Nash as to the proper medications for his psoriasis does not establish deliberate indifference.  Phillips v. Jasper County Jail, 437 F.3d 791, 795 (8th Cir. 2006).  At most, Plaintiff's disagreement with Dr. Nash's treatment decisions supports a claim for negligence.  Negligence, however, is insufficient to support a § 1983 claim.  Popoalii, 512 F.3d at 499.

In Plaintiff's response to Dr. Nash's motion for summary judgment, Plaintiff claims that the dates on his medical records were altered to indicate that Plaintiff was being treated before he actually received any treatment.  (Doc. 42 at 2).  Plaintiff does, however, concede in his response that he did see Dr. Nash about his "psoriatic [condition] and high blood pressure."  Id. at 3.  Plaintiff further admitted in his complaint that he was receiving treatment for his psoriasis at least by December 29, 2009.  (Doc. 1 at 4).  Although credibility determinations cannot be made on a motion for summary judgment, a properly supported motion for summary judgment is not defeated by self-serving statements.  See Bacon v. Hennepin County Med. Ctr., 550 F.3d 711, 716 (8th Cir. 2008).  "Rather, the plaintiff must substantiate allegations with sufficient probative evidence that would permit a finding in the plaintiff's favor."  Frevert v. Ford Motor Co., 614 F.3d 466, 473-74 (8th Cir. 2010).  Plaintiff has not, in the face of his medication-administration records and the affidavit of Dr. Nash, provided any specific facts or evidence in support of his claims that his medical records were altered.  Instead, Plaintiff rests on the bare allegation that "many dates have been changed or wrote in to make it seem as if Mr. Collins was being treated when he wasn't."  This bare allegation cannot defeat Dr. Nash's motion for summary judgment.

See Conseco Life Ins. Co. v. Williams, 620 F.3d 902, 909 (8th Cir. 2010) ("When the movant makes a prima facie showing of entitlement to a summary judgment, the respondent must discard the shielding cloak of formal allegations and meet proof with proof by showing a genuine issue as to a material fact."); Lindwurm v. Wexford Health Sources, Inc., 84 F. App'x 46, 48 (10th Cir. 2003) (rejecting inmate's assertion that the defendants falsified his medical records where inmate failed to proffer "sufficient evidence to create a triable fact" on the issue."); Yang v. McKinney, No. 4:10CV208 JCH, 2011 WL 3794256, at *1 n.1 (E.D. Mo. Aug. 25, 2011) (Plaintiff's conclusory allegations that doctor falsified medical records were insufficient to defeat doctor's motion for summary judgment.).

Even if Plaintiff did not receive treatment for his psoriasis until December 29, 2009, an inmate who complains that a delay in medical treatment constitutes a constitutional violation must provide "verifying medical evidence" in the record to establish the detrimental effect of the delay. Crowley v. Hedgepeth, 109 F.3d 500, 502 (8th Cir. 1997). Although Plaintiff has alleged that the failure to timely treat his psoriasis caused dryness, itching, and bumps, Plaintiff has failed to produce verifying medical evidence to support these allegations. "In the face of medical records indicating that treatment was provided and physician affidavits indicating that the care provided was adequate, an inmate cannot create a question of fact by merely stating that [he] did not feel [he] received adequate treatment." Dulany, 132 F.3d at 1240; Houser v. Grant-Ellis, No. CV 09-0937-PHX-GMS, 2011 WL 2117555, at *9 (D. Ariz. May 27, 2011) (Plaintiff's general allegations of pain and suffering resulting from psoriasis-medication delays were insufficient to establish a genuine issue of material fact.).

Having reviewed all the relevant pleadings, motions, and evidence provided by both parties, the undersigned finds no genuine dispute of fact concerning the medical care and

7

treatment provided to Plaintiff for his psoriasis.  The medical records and Plaintiff's own pleadings and motions clearly show Plaintiff's psoriasis was treated by medical personnel at the MCDC.  Plaintiff provides no evidence to support his conclusory allegation that Dr. Nash denied him treatment and altered his medical records.  Moreover, Plaintiff provides no medical or other evidence to show that Dr. Nash acted with deliberate indifference with respect to the care and treatment of his psoriasis.

This Court notes that multiple contacts with medical personnel do not necessarily preclude a finding of deliberate indifference.  Warren v. Fanning, 950 F.2d 1370, 1373 (8th Cir.1991), cert. denied, 506 U.S. 836 (1992).  However, Dr. Nash's actions in this case cannot reasonably be said to reflect deliberate indifference to Plaintiff's psoriasis.  The only relevant evidence in the record indicates that Dr. Nash took several actions aimed at treating Plaintiff's psoriasis.  The record does not support a finding that the medical care in this case was "so inappropriate as to evidence intentional maltreatment." Jolly v. Knudsen, 205 F.3d 1094, 1097 (8th Cir. 2000).  Therefore, summary judgment should be granted in Dr. Nash's favor with respect to Plaintiff's claims that Dr. Nash deliberately disregarded Plaintiff's psoriatic condition.

## *2.  Plaintiff's Back and Knee Pain*

Dr. Nash also does not dispute that Plaintiff's back and leg pain constituted an objectively serious medical need.  Thus, the dispositive issue on this motion for summary judgment is whether there is a genuine issue of material fact as to whether Dr. Nash deliberately disregarded Plaintiff's back and leg pain.  Krout, 583 F.3d at 567.  Plaintiff alleges that Dr. Nash disregarded his complaints of pain, and he only received medication from prison nurses when his pain was "so bad."  (Doc. 1 at  5).  The gravamen of Plaintiff's claim is that he was receiving

Hydrocodone for pain before he was incarcerated, and Dr. Nash discontinued Plaintiff's pain medication without performing an evaluation or exercising independent medical judgment.

In his brief in support of his motion for summary judgment, Dr. Nash attached an affidavit that states he was aware of Plaintiff's subjective complaints of back and knee pain. *Deft's Ex. 3*. Dr. Nash's affidavit further declares that he made a professional judgment not to have Hydrocodone administered to Plaintiff because he believed it was not in Plaintiff's best interest to "continue receiving Hydrocodone while incarcerated at the [MCDC]." Id. According to Dr. Nash, he ordered that Plaintiff be administered nonsteroidal anti-inflammatory drugs (NSAIDs) as necessary for pain relief. Id. However, there is no indication in Plaintiff's medication-administration records that Plaintiff ever received any medication for pain relief, and no medical records were produced indicating Dr. Nash performed a medical evaluation on Plaintiff's back or knee.

Dr. Nash argues Plaintiff's allegations merely reflect "disagreement with treatment decisions." (Doc. 36 at 7). The undersigned notes that Plaintiff did admit he received medication to relieve his pain when the pain became bad (Doc. 1 at 5) and Dr. Nash's affidavit indicates that he ordered Plaintiff be administered NSAIDs as necessary for pain relief. *Deft's Ex. 3*. However, although Plaintiff admitted that the jail *nurses* gave him medication for his pain when it was bad, Plaintiff never admitted that *Dr. Nash* took any affirmative steps to treat his pain. In fact, Plaintiff claims Dr. Nash never saw him regarding his back and knee pain (Doc. 42 at 3), a claim that Dr. Nash does not refute. Nowhere in Dr. Nash's exhibits or brief in support does Dr. Nash indicate how or why he came to the conclusion that Plaintiff should not receive regular treatment for pain. The record also lacks any documentation of Dr. Nash's order instructing nurses to administer NSAIDs to Plaintiff as necessary for pain relief.

As noted above, prison physicians are entitled to exercise their medical judgment, and "do not violate the Eighth Amendment when, in the exercise of their professional judgment, they refuse to implement a prisoner's requested course of treatment." <u>Long v. Nix</u>, 86 F.3d 761, 765 (8th Cir. 1996).   However, a question of fact remains as to whether Dr. Nash exercised his professional judgment in refusing Plaintiff's requests for pain medication.   Dr. Nash did not indicate that, upon evaluation, he decided Plaintiff's pain was not severe enough to warrant the regular administration of pain medication.   Nor did Dr. Nash indicate that he believed Plaintiff should not be administered Hydrocodone in light of Plaintiff's history of dependency on narcotics.   Instead, Dr. Nash merely stated that it was not in Plaintiff's "best interests" to receive Hydrocodone "while incarcerated."   *Deft's Ex. 3*.   Plaintiff's incarceration is not a sound basis for denying him medication that he was receiving before he was detained.   Thus, Dr. Nash's conclusory affidavit, without more, is insufficient to support the granting of his motion for summary judgment.   Examining the record in the light most favorable to Plaintiff, the undersigned concludes that reasonable persons could disagree as to whether Dr. Nash deliberately disregarded Plaintiff's complaints of back and knee pain.   Consequently, summary judgment should be denied with respect to these claims.

## IV.  Conclusion

Plaintiff's allegations regarding the inadequate treatment of his psoriasis suggest, at most, negligence on the part of Dr. Nash.   While it is unfortunate that Plaintiff experienced what he believes to have been unnecessary pain and itching, this is ultimately a disagreement with Dr. Nash's treatment decisions. Plaintiff has provided no evidence that Dr. Nash deliberately disregarded his psoriasis.   Therefore, the undersigned finds that Plaintiff's claims regarding the

treatment of his psoriasis do not support an Eighth Amendment violation.  Summary judgment is appropriate with respect to these claims.

By contrast, a genuine issue of material fact precludes the granting of summary judgment as to Plaintiff's claims that Dr. Nash deliberately disregarded his back and knee pain.  There is no record of Dr. Nash performing a medical evaluation on Plaintiff's back or knee.  Further, Dr. Nash produced no evidence detailing how he came to the conclusion that Plaintiff should not continue receiving the pain medication he received prior to incarceration.   While Dr. Nash alleges he did use professional judgment in reaching this conclusion, Plaintiff alleges Dr. Nash denied him pain medication without sufficient medical justification.   This dispute of fact is sufficient to create a trialworthy issue.

For these reasons, I recommend that the motion for summary judgment filed by Separate Defendant Nash (Doc. 35) be granted in part and denied in part.  Specifically, I recommend that the motion be granted with respect to Plaintiff's claims regarding the treatment of his psoriasis and denied with respect to Plaintiff's claims regarding the treatment of his back and knee pain.

**The parties have fourteen days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 30th  day of November 2011.


/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE