IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

J.C. OTIS COLLINS                                                              PLAINTIFF

V.                                 CASE NO. 4:10-cv-04004

MAJOR GARY TURNER, Miller
County Jail; DR. CLAYTON NASH,
Miller County Jail                                              DEFENDANTS

**<u>ORDER</u>**

Before the Court is the Report and Recommendation filed November 30, 2011, by the Honorable Erin Setser, United States Magistrate Judge for the Western District of Arkansas. (ECF No. 57). Judge Setser recommends that Defendant Dr. Clayton Nash's Motion for Summary Judgment (ECF No. 28) be granted in part and denied in part. Both sides have responded with timely objections. (ECF Nos. 58 and 60). After reviewing the record *de novo*, the Court adopts Judge Setser's Report and Recommendation in whole with the exception of the language that states Defendant "does not dispute that Plaintiff's back and leg pain constituted an objectively serious medical need." (ECF No. 57 at 8).

Plaintiff accuses Dr. Nash under 42 U.S.C. § 1983 of displaying deliberate indifference in his treatment of, among other things, Plaintiff's psoriasis and back and knee pain. To prevail, Plaintiff must show (1) that he suffered from an objectively serious medical need, and (2) that Dr. Nash actually knew of the need but chose to deliberately disregard it. *Krout v. Goemmer*, 583 F.3d 557, 567 (8th Cir. 2009). A serious medical need is "one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the

necessity for a doctor's attention." *Johnson v. Busby*, 953 F.2d 349, 351 (8th Cir. 1992). Judge Setser recommends granting Defendant's summary judgment motion only as to his treatment of Plaintiff's psoriasis. Ultimately, Judge Setser notes that Defendant does not dispute that Plaintiff's back and knee pain were serious medical needs, and that a genuine dispute exists only regarding whether Defendant showed deliberate indifference in disregarding that need.

*Defendant's Objections*

Defendant objects to the Report and Recommendation's conclusion that he does not dispute that Plaintiff's back and knee pain constituted an objectively serious medical need. (ECF No. 57 at 8). Defendant argues that his summary judgment motion is silent on the matter and that he "intends to develop the facts related to [that] issue at trial." (ECF No. 58 at 2). To the extent that Defendant argues that his motion's silence regarding the first element of the deliberate indifference claim should not be construed as an admission of that element, the Court agrees. Plaintiff shall continue to possess the burden of proof on both elements, namely, (1) whether his back and knee pain constituted a serious medical need, and (2) whether Dr. Nash knew of the need but deliberately chose to disregard it.

*Plaintiff's Objections*

Plaintiff objects to Judge Setser's recommended finding that no genuine dispute exists as to whether Defendant was deliberately indifferent to his psoriasis. Specifically, Plaintiff renews his arguments that Defendant failed to treat him in a timely manner and that his medical records have been changed or altered to Defendant's advantage. After a *de novo* review, the Court finds Plaintiff's argument unfounded. As the Report and Recommendation notes, Plaintiff has provided no verifiable evidence suggesting an alteration of medical records or that he was not timely treated. Defendant has

attached copies of medical records to his summary judgement motion which show that he prescribed Plaintiff psoriasis-related medication beginning December 15, 2009, approximately four days after initial booking at the Miller County Detention Center. (ECF No. 36, Ex. 1 at 1 and Ex. 3 at 1). The Court agrees with the Report and Recommendation that Plaintiff's bare allegations are not sufficient to survive Defendant's summary judgment motion. *See, e.g., Jenkins v. County of Hennepin, Minn.*, 557 F.3d 628, 631 (8th Cir. 2009) (noting that a plaintiff may survive a summary judgment only if he "substantiate[s] his allegations with enough probative evidence to support a finding in his favor[]") (quoting *Roeben v. BG Excelsior Ltd. P'ship*, 545 F.3d 639, 642 (8th Cir. 2008)).

Plaintiff further argues that he suffered headaches and dizziness due to Defendant's failure to provide blood pressure medication. Vaguely pled in Plaintiff's complaint (ECF No. 1 at 6), Defendant did not specifically address this claim in his summary judgment motion. Accordingly, the Report and Recommendation did not consider the matter and Plaintiff's claim on this issue remains live for trial.

The Court adopts the Report and Recommendation in whole with the exception of the language that states Defendant "does not dispute that Plaintiff's back and leg pain constituted an objectively serious medical need." (ECF No. 57 at 8). Plaintiff therefore retains the burden of proof on both elements of his deliberate indifference claim concerning back and knee pain. Accordingly, Defendant's motion for summary judgment (ECF No. 35) is **GRANTED** with respect to Plaintiff's claim concerning psoriasis treatment and **DENIED** with respect to Plaintiff's claim concerning treatment of back and knee pain.

IT IS SO ORDERED, this 30th day of January, 2012.

                                                                /s/ Susan O. Hickey  
                                                                Hon. Susan O. Hickey  
                                                                United States District Judge