IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

J.C. OTIS COLLINS                                                                                    PLAINTIFF

v.                        Civil No. 4:10-cv-04004

MAJOR GARY TURNER, Miller County
Jail; NURSE GINA STEWART, Miller
County Jail; and DR. CLAY NASH                                                              DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, J.C. Otis Collins (hereinafter Collins), filed this action pursuant to the provisions of 42 U.S.C. § 1983. He proceeds *pro se* and *in forma pauperis*. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2009), the Honorable Susan O. Hickey, United States District Judge, referred this case to me for the purpose of making a report and recommendation. Currently pending before me are two motions to dismiss (Doc. 64 & Doc. 68). Plaintiff has not filed a response to either motion.

**1. Motion to Dismiss filed by Dr. Nash** (Doc. 64)

The first motion was filed by Dr. Clayton Nash (Doc. 64). Dr. Nash argues the case is subject to dismissal because Collins failed to exhaust available administrative remedies as mandated by the Prison Litigation Reform Act (PLRA).

As amended by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a) mandates exhaustion of available administrative remedies before an inmate files suit. Section 1997e(a) provides: "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

The Supreme Court has held that the "exhaustion requirement applies to all inmate suits about

prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 534 (2002). In Booth v. Churner, 532 U.S. 731, 738-39 (2001), the Court held that "exhaustion is required where administrative remedies are available even if the available administrative remedies do not provide the precise, or full, relief sought." Walker v. Maschner, 270 F.3d 573, 577 (8th Cir. 2001). Further, the term "administrative remedies" has been held to encompass remedies not promulgated by an administrative agency. Concepcion v. Morton, 306 F.3d 1347, 1352 (3d Cir. 2002). Specifically, it has been held that a grievance procedure contained in a handbook constitutes an available administrative remedy within the meaning of § 1997e(a). Id.. "If an inmate fails to exhaust one or more discrete claims raised in a § 1983 complaint, the PLRA requires only that the unexhausted claim or claims be dismissed–it does not require that the complaint be dismissed it its entirety." Abdul-Muhammad v. Kempker, 486 F.3d 444, 446 (8th Cir. 2007)(citation omitted).

Here, Collins admits he did not submit any grievances about the medical care he was receiving from Dr. Nash (Doc. 66 at pg. 1). He was aware of the grievance procedure designed to help prisoners with their problems. Id. However, he asserts he had no idea inmates were required to submit a grievance if they were dissatisfied with the medical care they were receiving. Instead, he believed he only had to submit sick call slips. Additionally, he states he filed the lawsuit instead. (Doc. 67-1, *Exhibit* A pg. 3).

In this case, there is no question that a grievance procedure was available and Collins was aware of it. He was never told that the grievance procedure could not be utilized in connection with medical matters. He reached this conclusion on his own. Section "1997e(a) does not permit the court to consider an inmate's merely subjective beliefs, logical or otherwise, in determining whether administrative procedures are available." Lyon v. Vande Krol, 305 F.3d 806, 808-09 (8th Cir. 2002)(citation omitted). Collins failed to exhaust his administrative remedies.

### 2.  Motion to Dismiss filed Major Gary Turner (Doc. 68)

The second motion to dismiss was filed by Major Gary Turner (Doc. 68).

In his motion, he advises the Court that: a settlement agreement has been reached; Collins has signed the release of claims; and Collins has cashed the settlement check.  Now, however, Defendant Turner states Collins has refused to sign a joint motion to dismiss.  This motion to dismiss (Doc. 68) should be granted.  Plaintiff has signed the release of claims and accepted the settlement funds.

### 3.  Conclusion

For the reasons stated, I recommend that the motion to dismiss (Doc. 64) filed by Separate Defendant Dr. Nash be granted and all claims against him be dismissed without prejudice.  I further recommend that the motion to dismiss (Doc. 68) filed by Separate Defendant Gary Turner be granted and all claims against him be dismissed with prejudice.  Plaintiff's complaint should be dismissed in its entirety.

**The parties have fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 16th day of April 2012.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE