IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION


J.C. OTIS COLLINS                                                    PLAINTIFF


V.                          CASE NO. 4:10-CV-04004


MAJOR GARY TURNER, Miller
County Jail; NURSE GINA STEWART,
Miller County Jail; and DR. CLAY NASH                    DEFENDANTS

## ORDER

Pending is the Report and Recommendation filed April 16, 2012 by the Honorable Erin L. Setser, United States Magistrate Judge for the Western District of Arkansas. (ECF No. 70). Judge Setser has examined Defendant Dr. Clay Nash's and Defendant Gary Turner's Motions to Dismiss. (ECF Nos. 64 & 68). Judge Setser recommends granting both motions. The Plaintiff has timely objected. (ECF No. 72). The matter is ripe for the Court's consideration. For the following reasons, the Report and Recommendation will be adopted in its entirety.

The Plaintiff filed an action against Dr. Nash, Major Turner, and Nurse Stewart under 42 U.S.C. § 1983. The Court dismissed Nurse Stewart in March 2011. (ECF No. 33). Judge Setser recommends now dismissing Dr. Nash and Major Turner. The Plaintiff does not object to dismissing Major Turner. He does, however, object to dismissing Dr. Nash. The Plaintiff contends that Judge Setser erred in finding that he fatally failed to pursue administrative remedies. Judge Setser erred, the Plaintiff argues, in failing to recognize that Dr. Nash was not a Miller County Detention Center employee, and so failing to pursue administrative remedies at the Detention Center is not fatal to his claims against Dr. Nash. He does not, in other words,

1

quibble with Judge Setser's law. He objects to applying it to a Detention Center contractor rather than an on-staff employee.

An inmate's subjective belief in the inapplicability of administrative remedies, however, "'does not matter' and is not determinative." *Gibson v. Weber*, 431 F.3d 339, 341 (8th Cir. 2005) (quoting *Lyon v. Vande Krol*, 305 F.3d 806, 809 (8th Cir. 2002)). The Eighth Circuit has excused compliance with grievance procedures only when "officials have prevented prisoners from utilizing the procedures" or have themselves not complied with the procedures. *Id.* The Plaintiff has presented no evidence that he pursued a grievance procedure against Dr. Nash and was prevented by officials from proceeding. Nor has he alleged that a procedure existed and was not followed by officials themselves. Rather, the Plaintiff alleges merely his subjective belief in the inapplicability of administrative remedies. That belief is not determinative and is not enough to overcome Judge Setser's recommendation.

For the above reasons, and those contained in the Report and Recommendation, the Court adopts Judge Seter's Report and Recommendation (ECF No. 70) in its entirety. The Plaintiff's claims against Dr. Clay Nash are **DISMISSED WITHOUT PREJUDICE**. His claims against Major Gary Turner are **DISMISSED WITH PREJUDICE**. The Plaintiff's Complaint is **DISMISSED IN ITS ENTIRETY**.

IT IS SO ORDERED, this 26th day of April, 2012.

/s/ Susan O. Hickey
Hon. Susan O. Hickey
United States District Judge